IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| DANA COTTON-SCHRICHTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4052-CV-C-NKL |
| | ) | |
| SHANE PEATE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Dana Cotton-Schrichte claims she was assaulted, battered and raped by defendant Shane Peate on February 27, 2003, in the Education Building at Chillicothe Correctional Center. She brought this suit on March 13, 2007, alleging (1) she was denied equal protection and due process (42 U.S.C. § 1983); (2) she was subjected to cruel and unusual punishment (42 U.S.C. § 1983); (3) she was subjected to sexual harassment (42 U.S. C. § 2000 and Mo. Rev. Stat. § 213); (4) she was assaulted and battered; (5) she was subjected to the infliction of emotional distress; and (6) her right of privacy was invaded.

Defendants the Missouri Department of Corrections, Larry Crawford, Terry Moore and Jennifer Miller have moved for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c). Plaintiff responded in opposition and defendants replied.[1]

Defendant Shane Peate has not been served with process, and has not entered an appearance or joined in the pending motion. Plaintiff has been granted an extension of time until April 15, 2008, to effect service, and so the claims against defendant Peate are not being addressed in this report and recommendation.

### Legal Standard

The standard for judgment on the pleadings is a strict one. The movant must clearly establish that there are no material issues of fact and judgment is appropriate as a matter of law.

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Lion Oil Co., Inc. v. Tosco Corp., 90 F.3d 268, 270 (8th Cir. 1996); National Car Rental System, Inc. v. Computer Associates Intern., Inc., 991 F.2d 426, 428 (8th Cir. 1993). The court accepts as true the facts pled by the nonmoving party and draws all reasonable inferences from the pleadings in that party's favor. Id.

If the defense of failure to state a claim is raised in a motion for judgment on the pleadings, the court uses the same standard as it would have used if the motion was brought under Fed. R. Civ. P. 12(b)(6). St. Paul Ramsey County Medical Center v. Pennington County, S.D., 857 F.2d 1185 (8th Cir. 1988).

## Discussion

Defendants[2] assert plaintiff failed to exhaust her administrative remedies prior to filing this lawsuit. Defendants also claim defendant Missouri Department of Corrections should be dismissed from the first three counts of plaintiff's complaint because it is not a person within the meaning of 42 U.S.C. § 1983. Defendants state Count IV should be dismissed because plaintiff was not an employee entitled to bring suit under Title VII and the Missouri Human Rights Act (MHRA). Finally, defendants seek dismissal of plaintiff's state law tort claims because they are barred by the applicable statute of limitations and by sovereign immunity.

In response to defendants' motion, plaintiff agreed to voluntarily dismiss the Missouri Department of Corrections from Counts I, II and III.

Defendants first seek dismissal of plaintiff's claims for her failure to utilize the grievance procedure and to exhaust her administrative remedies. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). When multiple prison

---

[2]The moving defendants, Missouri Department of Corrections, Crawford, Moore and Miller will be referred to collectively as defendants. Unless otherwise stated or implied by the context, defendant Peate is not included for purposes of this report and recommendation.

2

condition claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly. Woodford v. Ngo, 548 U.S. 81 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. Id.

Plaintiff acknowledges she did not exhaust her administrative remedies with respect to the issues in this lawsuit. She asserts, however, that such remedies were not available to her because defendant Peate threatened to harm her and her family if she told anyone. Peate allegedly beat her on several occasions after the assault, told her he knew where her family lived and indicated he was a sniper in the Australian army.

Defendants assert, however, that plaintiff told a Livingston County deputy sheriff of the rape in May 2003. Peate was charged and eventually plead guilty on September 16, 2003, to sexual contact with an inmate. He was sentenced to jail and was no longer employed by the Missouri Department of Corrections. Defendants claim plaintiff's assertion of fear of Peate is undermined by her report to the county deputy sheriff. Further, they state plaintiff's assertion of fear is undermined by the fact that Peate was in jail after September 2003 and that she could have exhausted her administrative remedies after he left his employment at the institution.

Under the facts set forth above, defendant Peate prevented plaintiff from pursuing administrative remedies while he was employed at the institution. Further, by the time he left the institution and was incarcerated, the time for filing a grievance would have expired. Defendants did not address the grievance deadlines in their suggestions, and there is nothing in the record which would lead the court or plaintiff to believe that prison administrators would have processed a grievance after the deadline had passed.

Plaintiff was prevented from filing a grievance by threats, intimidation and physical violence. She was not required to file a grievance after the threats were removed and outside of the time allowed for filing it, on the hope that an administrator would exercise discretion and process the grievance. For the court to dismiss a case for failure to exhaust under these

3

circumstances would be inherently unjust. A remedy that prison officials prevent a prisoner from using is not "available" under the statute. Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001). Thus, dismissal is not required by 42 U.S.C. § 1997e.

Defendants next seek dismissal of plaintiff's Title VII and MHRA claims because plaintiff is not an employee within the meaning of the statutes. In her complaint, plaintiff states she was working as an aerobics instructor for the institution BLAST program, and that she received compensation, although minimal. She refers to the BLAST program as belonging to defendants. On the day of the assault, she was working and her job supervisor told her to go to Officer Peate to get a leave-of-absence form. The assault occurred after she had requested the form from him and was returning.

Defendants cite Battle v. Minnesota Dept. of Corrections, 40 Fed. Appx. 308, 310, 2002 WL 1370059 (8th Cir. 2002), for the proposition that prison inmates are not employees for purposes of Title VII. In response, plaintiff states she believes the program was administered by an outside independent contractor, and she should be given the opportunity to develop her evidence and to amend or add a party, if appropriate. Her response implies that she now believes the BLAST program was not a Missouri Department of Corrections program, and suggests that she does not seriously dispute that she is not an employee of the Department of Corrections. In light of Battle, her Title VII claim against the Missouri Department of Corrections will be recommended dismissed.

Case law also supports dismissal of the Title VII claim against the individual defendants because they are not employers within the meaning of the statute, and supervisors may not be held individually liable under Title VII. See Spencer v. Ripley County State Bank, 123 F.3d 690 (8th Cir. 1997).

Supervisors may be held individually liable as employers under the Missouri Human Rights Act. Cooper v. Albacore Holdings, Inc., 204 S.W.3d 238 (Mo. Ct. App. 2006). The individual defendants, however, were Department of Corrections employees and plaintiff, as an inmate, has no basis for alleging she was an employee of the Department of Corrections or of the individual defendants. Accordingly, her MHRA claim will be recommended dismissed.

Although the parties have not raised the issue, the court notes plaintiff's complaint does not allege exhaustion of administrative remedies under Title VII and the MHRA and she has not

submitted a right-to-sue letter.  See Cottrill v. MFA, Inc., 443 F.3d 629, 634 (8th Cir. 2006) (claimant must file timely administrative charge with EEOC and may only seek relief for discrimination that grows out of or is reasonably related to substance of the allegations in the administrative charge).  If plaintiff learns through discovery that she was an employee of an independent contractor, her claims would likely be barred because of her failure to timely file a charge with the EEOC.

Defendants next assert plaintiff's state law tort claims should be dismissed because they are barred by Mo. Ann. Stat. § 516.145 (2002).  The statute states that all actions brought by an offender against the Department of Corrections or any employee or former employee for an act in an official capacity or by the omission of an official duty must be brought within one year.

In Kinder v. Missouri Dept. of Corrections, 43 S.W.3d 369 (Mo. App. 2001), the court held that the plain language of section 516.145 applies to "all" actions brought by an offender, and that the legislature did not intend for there to be any exceptions.  The court further found that "act in an official capacity" meant that the defendant was acting within the scope of his or her employment rather than on a personal frolic.

In light of Kinder, it is clear that the one-year statute of limitations applies to plaintiff's state law tort claims against defendants other than Peate.  Plaintiff's assertion that she was under a mental disability is not supported by the facts pled.  Likewise, her proposal that the statute of limitations was tolled because defendant Peate was incarcerated and/or out of the state or country is not persuasive with regard to the moving defendants.

The Missouri Department of Corrections also seeks dismissal of the state law claims against it on the basis of sovereign immunity under Mo. Ann. Stat. 537.600.1 (2000).  Plaintiff argues that her claims fall within the waiver provision for the dangerous and defective condition of state property.  Plaintiff's state law tort claims are for the invasion of privacy, assault and battery, and the infliction of emotional distress.  They do not fall within the waiver provision.

For these reasons and those set forth above, it is

RECOMMENDED that plaintiff's claims against the Missouri Department of Corrections in Counts I, II, and III be dismissed.  It is further

RECOMMENDED that defendants' motion to dismiss plaintiff's federal claims against the moving defendants, pursuant to 42 U.S.C. § 1997(e), for failure to exhaust administrative remedies, be denied. It is further

RECOMMENDED that plaintiff's Title VII and MHRA claims against the moving defendants be dismissed because plaintiff was not an employee within the meaning of the statutes. It is further

RECOMMENDED that plaintiff's state law tort claims against the moving defendants be dismissed because barred by the applicable statute of limitations. It is further

RECOMMENDED that plaintiff's state law tort claims against the Missouri Department of Corrections be dismissed because barred by sovereign immunity. [14]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within ten (10) days. If additional time is needed, a motion for an extension of time must be filed within ten days. The motion should state the reasons for the request. See Nash v. Black, 781 F.2d 665, 667 (8th Cir. 1986) (citing Thomas v. Arn, 474 U.S. 140 (1985)); Messimer v. Lockhart, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 31st day of March, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge