IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DANA COTTON-SCHRICHTE, | ) |
| Plaintiff, | ) |
| v. | ) No. 07-4052-CV-C-NKL |
| SHANE PEATE, et al., | ) |
| Defendants. | ) |

**ORDER**

On April 1, 2008, United States Magistrate Judge William A. Knox issued a report and recommendation addressing defendants' motion to dismiss[1]. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by defendants on April 16, 2008. The issues raised in defendants' exceptions were adequately addressed in the report and recommendation. A conference was also held on July 1, 2008, before Judge Knox and a transcript of that conference has been reviewed.

In her complaint, inmate Cotton-Schrichte alleges a prison guard, defendant Peate, raped her, threatened her and her family if she reported the assault, and later beat her. He remained at the institution and had a position of authority over her until he was arrested months later. At the time of the incident, plaintiff did not notify prison officials or initiate the grievance process. Instead, she reported the rape several months later to a Livingston County deputy sheriff who was not employed by the Department of Corrections. She told the deputy sheriff when he was at the penal institution and interviewing her during his investigation of a report made by another inmate who alleged a sexual assault by defendant Peate. Plaintiff did not initiate the contact with the deputy sheriff and merely reported the rape and assault during the course of his interview with her on a different, but related matter.

---

[1]The moving defendants were Missouri Department of Corrections, Larry Crawford, Terry Moore and Jennifer Miller.

Plaintiff asserts she had been afraid to report the matter to prison officials or to use the grievance procedure. Defendants' arguments to the contrary are not persuasive. Further, the 15-day deadline for initiating the grievance procedure expired long before Peate was arrested and removed from his position within the institution. Under these circumstances, plaintiff cannot be said to have had administrative remedies available to her at the appropriate time. See, e.g., Miller v. Norris, 247 F.3d 736 (8th Cir. 2001). Furthermore, this court finds that filing a grievance at this time would be a futile act and a waste of time.

Thus, the court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

On April 30, 2008, plaintiff requested leave to dismiss certain claims, without prejudice. Those claims were addressed in the report and recommendation and they should be dismissed as set forth in the recommendation. The report addresses the claims against the moving defendants and does not include dismissal of the Missouri Human Rights Act claim against defendant Peate.

IT IS, THEREFORE, ORDERED that plaintiff's motion of April 30, 2008, to dismiss certain claims, without prejudice, is denied as moot. [35] It is further

ORDERED that defendants' motion to dismiss plaintiff's federal claims against the moving defendants, pursuant to 42 U.S.C. § 1997(e), for failure to exhaust administrative remedies, is denied. It is further

ORDERED that plaintiff's Title VII and MHRA claims against the moving defendants are dismissed because plaintiff was not an employee within the meaning of the statutes. It is further

ORDERED that plaintiff's state law tort claims against the moving defendants are dismissed because barred by the applicable statute of limitations. It is further

ORDERED that plaintiff's state law tort claims against the Missouri Department of Corrections are dismissed because barred by sovereign immunity. [14]

/s/
NANETTE K. LAUGHREY
United States District Judge

Dated: August 4, 2008
Jefferson City, Missouri