# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| DANA COTTON-SCHRICHTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4052-CV-C-MJW |
| | ) | |
| SHANE PEATE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL
## AND RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

### I. Background

Plaintiff Dana Cotton-Schrichte, a female inmate incarcerated at the Chillicothe Correctional Center, a Missouri state prison for women, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1]

Plaintiff is serving a sentence of imprisonment for a conviction of murder in the second degree. Plaintiff's complaint alleged that defendant Shane Peate, while working as a corrections officer at the Chillicothe Correctional Center, raped her at the prison on February 27, 2003. Peate was criminally prosecuted under Missouri law for having sex with plaintiff, in violation of a Missouri statute which criminalizes sexual contact between guards and inmates regardless of consent. Peate was sentenced to a term in prison for his crime.

Plaintiff alleged that her rights under the Eighth and Fourteenth Amendments were violated by defendant Peate. Specifically, plaintiff alleged that her right to be free from cruel and unusual punishment was violated, as well as her rights to equal protection and due process under the Fourteenth Amendment.

The case was called for a jury trial which commenced on February 14, 2011, and concluded on February 23, 2011. The jury returned a verdict in favor of defendant Peate.

---

[1] Upon consent of the parties, this case was transferred to the United States Magistrate Judge to conduct all further proceedings and to enter judgment, pursuant to the provisions of 28 U.S.C. § 636(c).

Following trial, plaintiff filed a renewed motion for judgment as a matter of law (Doc. 445) and a motion and request for a new trial (Doc. 448). Defendant Peate filed a memorandum in opposition to plaintiff's renewed motion for judgment as a matter of law (Doc. 451) and a memorandum in opposition to the motion for a new trial (Doc. 452).

## II. Legal Standard

"[T]he trial court cannot usurp the functions of a jury. The district court can only disturb a jury verdict to prevent a miscarriage of justice." Beckman v. Mayo Foundation, 804 F.2d 435, 439 (8th Cir. 1986). "[A] court will not grant a new trial unless it is reasonably clear that prejudice or error has crept into the record or that substantial justice has not been done. Furthermore, the burden of showing harmful error rests on the party seeking the new trial." J.M. Young v. Ethyl Corp., 444 F. Supp. 207, 219 (W.D. Ark. 1977), accord, Ryther v. Kare 11, 864 F. Supp. 1510, 1520-21 (D. Minn. 1994), reh'g en banc granted, vacated on other grounds, 95 F.3d 7 (8th Cir. 1996), aff'd, 108 F.3d 832 (8th Cir. 1997).

"A party moving for a new trial based upon an error of law must show not only that the error occurred, but that the error affected the substantial rights of the parties." Pacific Employers Ins. Co. v. P.B. Hoidale Co., Inc., 804 F. Supp. 137, 141 (D. Kan. 1992); E.I. du Pont de Nemours v. Berkley and Co., Inc., 620 F.2d 1247, 1257 (8th Cir. 1980) (a court should grant a new trial only if it finds that an error misled the jury or had a probable effect on its verdict.); Fed. R. Civ. P. 61. "Thus, a court should 'ignore errors that do not affect the essential fairness of the trial.'" Pacific Employers, 804 F. Supp. at 141 (quoting McDonough Power Equipment, Inc. v. Greenwood, 464 U.S. 548, 553 (1984)). "Even if a mistake has been made regarding the admission or exclusion of evidence, a new trial will not be granted unless the evidence would have caused a different outcome at trial." Morales v. American Honda Motor Co., Inc., 151 F.3d 500, 514 (6th Cir. 1996).

"While a trial court certainly has the power to grant a new trial, when exercising its discretion, the role and function of the jury is not to be trivialized. 'The district court can only disturb a jury verdict to prevent a miscarriage of justice.'" Walker v. Fred Nesbit Distrib. Co., 356 F. Supp.2d 964, 967 (S.D. Iowa 1995), aff'd, 156 Fed. Appx. 880 (8th Cir. 2005) (quoting Beckman v. Mayo Foundation., 804 F.2d 435, 439 (8th Cir. 1986)). "The verdict must be against the 'clear weight,' 'overwhelming weight,' or 'great weight,' of the evidence for a new trial to be

granted." Beckman, 804 F.2d at 439. "Since this country's inception, an individual's right to trial by jury, in both civil and criminal matters has been held to be of the utmost importance." Walker, 356 F. Supp.2d at 967; U.S. Const. Amend. VII. "It follows, therefore, that a motion for new trial cannot be granted simply because the trial judge disagrees with the jury's reasoning." Walker, 356 F. Supp.2d at 967. When reviewing a motion for new trial, a court "should indulge all presumptions in favor of the validity of the jury's verdict." Brooks v. Toyotomi Co., Ltd., 86 F.3d 582, 588 (6th Cir. 1996); Ragnar Benson, Inc. v. Kassab, 325 F.2d 591, 594 (3d Cir. 1963).

### III. Testimony of Dr. Roy Lubit

Plaintiff first argues that it was error to admit testimony of defense expert Dr. Roy Lubit regarding the specifics of plaintiff's conviction for murder in the second degree. Dr. Lubit is a forensic psychiatrist and was retained by defendant Peate to rebut plaintiff's claim of Post Traumatic Stress Syndrome (PTSD) as an item of her damages. Plaintiff further alleges that it was error for the Court to prevent her from providing rebuttal evidence to explain the details of her conviction. The Court disagrees. Plaintiff opened the door to a limited discussion of some of the details of her conviction for murder in the second degree involving a child when she asserted a claim for damages through her testimony and the testimony of her expert witness, forensic psychologist Dr. Terry Rohen, that she suffered from PTSD as a result of the alleged rape by defendant Peate. When plaintiff asserted her PTSD was a result of the alleged rape, it opened the door to the admission of testimony of defense expert, Dr. Lubit, to offer his opinion as to possible alternative causes of the PTSD. Dr. Lubit testified there were many stressors or possible causes for the PTSD in plaintiff's life, including the possibility that the PTSD was caused by plaintiff's conviction for murder in the second degree involving a victim who was a child.

In his report, Dr. Lubit pointed to numerous causative factors for a PTSD diagnosis of plaintiff, including that she had murdered an eighteen-month-old child, a crime for which she had been convicted by a jury, and the specifics of which plaintiff disclosed to Dr. Lubit in her interview. Through a motion in limine, plaintiff moved to exclude Dr. Lubit's report, and also his conclusions, including the alternative causes of any PTSD asserted by plaintiff as attributable solely to the alleged conduct of defendant Peate. There were two conferences on the record in ruling these pretrial motions and objections. After considering the law and the arguments of the

parties, at the first conference on February 4, 2011, the Court advised plaintiff, through counsel, that if plaintiff claimed at trial that she suffered PTSD because of the conduct of defendant Peate, the Court would permit Dr. Lubit to testify as to what, in his opinion, might be the cause of the PTSD, including the fact that plaintiff's second degree murder conviction involved the death of a child. At the second conference on February 10, 2011, plaintiff's counsel argued that if defendant were permitted to state the specific nature of plaintiff's crime, plaintiff should be permitted to adduce evidence of her criminal trial on that charge. The Court advised this would not be permitted. The Court cautioned plaintiff's counsel that by putting PTSD into issue plaintiff created the opportunity for defendant Peate to rebut her evidence on PTSD. The Court explained that it would not permit a mini-trial on the underlying conviction. The Court instructed counsel that it would not permit Dr. Lubit to go into great detail concerning the factual circumstances of the conviction, but observed that it was a fact that plaintiff was convicted of murder involving the death of a child and Dr. Lubit would be permitted to identify this possible causative factor for the PTSD diagnosis.

      Plaintiff cites <u>Cummings v. Malone</u>, 995 F.2d 817, 826 (8th Cir. 1993), for the proposition that admission of evidence of the details of a conviction goes beyond the confines of impeachment. (Doc. 448 at 2.) However, the <u>Cummings</u> court noted that where a party opens the door to issues, it is within the discretion of the trial court to admit further evidence on such matters at trial. <u>Cummings</u>, 995 F.2d at 823. Defendant Peate did not, as plaintiff suggests, "flaunt the details," <u>Cummings</u>, 995 F.2d at 826, of plaintiff's conviction. Rather, during defendant Peate's case-in-chief, and in careful compliance with this Court's rulings on the motions in limine, defendant adduced evidence through Dr. Lubit of other causative factors for any PTSD diagnosis of plaintiff, including her murder of a child. The lurid details of the conviction, for example, she was found by a jury to have smothered the infant child of her paramour by another woman, were not admitted. The Court believes it acted within its discretion in admitting this limited evidence, sufficiently protecting plaintiff from unfair prejudice while properly allowing defendant Peate to impeach plaintiff's claim of PTSD allegedly caused by defendant Peate. This evidence was unquestionably relevant given plaintiff's assertion that defendant Peate was the sole cause of her PTSD diagnosis. <u>See</u>, <u>e.g.</u>, <u>Berry v. Deloney</u>, 28 F.3d 604 (7th Cir. 1994) (evidence concerning high school student's sexual

4

relationships with men other than the defendant, and abortions prior and subsequent to the alleged nonconsensual sexual relationship with defendant, was relevant and admissible on the issue of whether defendant was responsible for any emotional injuries allegedly incurred as a result of the relationship with defendant).

The Court further believes it acted within its discretion in not permitting plaintiff to engage in a mini-trial on the collateral matter of her conviction. Plaintiff had opened the door on the limited evidence that was adduced through Dr. Lubit concerning several other possible causative factors for plaintiff's PTSD diagnosis. Dr. Lubit did establish a foundation for his information, including his interview with plaintiff in which she disputed the charge. He also reviewed plaintiff's records. He also briefly explained the basis for his identification of the conviction as a potential causative factor for PTSD. The Court did note for the record that it was clear from the evidence introduced during the trial that plaintiff had contested her conviction.

The Court does not believe there was unfair prejudice to plaintiff from the very limited evidence admitted relating to the underlying facts of the conviction which were allowed under the Court's pretrial rulings. Defendant Peate did not highlight the conviction during presentation of the evidence. And there was no mention of it by defense counsel during closing argument. In addition, plaintiff requested, and the Court read, a limiting instruction to the jury concerning plaintiff's prior convictions.

Plaintiff knowingly opened the door to the introduction of the evidence concerning her conviction for murder in the second degree involving the death of a child. The Court made it very clear to plaintiff prior to trial that the evidence concerning the murder of the child would not be admissible absent her decision to offer evidence of her claim of a PTSD disorder. A party cannot complain about the admission of bad acts evidence when she herself opens the door, either by introducing the subject or by advancing a theory that makes her prior acts relevant on an issue other than criminal propensity. Plaintiff's decision to offer the PTSD evidence in support of her claim for damages, knowing the risks involved as a result of this Court's pretrial rulings and cautionary statements concerning the introduction of the evidence, was clearly a matter of trial strategy by counsel. See, e.g., Cummings v. Secretary for Dept. of Corr., 588 F.3d 1331, 1369 (11th Cir. 2009), cert. denied, ___ U.S. ___, 131 S. Ct. 173 (2010) (in ruling on petition for ineffective assistance of counsel, court noted that putting on evidence of the

defendant's alleged psychological problems would have opened the door to a strong rebuttal by the state, including details of his three prior violent felony convictions); Taylor v. Roper, 2007 WL 62690 (W.D. Mo. 2007), aff'd, 377 F.3d 848 (8th Cir. 2009), cert. denied, ___ U.S. ___, 130 S. Ct. 3464 (2010) (in ruling on petition asserting ineffective of criminal trial counsel, district court noted counsel's strategic decision not to present evidence of the criminal defendant's mental state because of danger that it might "open the door" to damaging statements that the criminal defendant had made about the offense).

Finally, there is nothing to suggest that the jury gave such limited evidence any weight in its deliberations. During deliberations the jury did send a request to review plaintiff's recorded statement to investigators and defendant Peate's letter to plaintiff. These two items of evidence appeared to support defendant Peate's contention that the sexual encounters between plaintiff and defendant Peate were consensual and not the result of a sexual assault as she claimed. There is no suggestion from the record that any alleged error in admission of the limited specifics of plaintiff's conviction misled the jury or had a probable effect on its verdict. Rule 61 of the Federal Rules of Civil Procedure states that "unless justice requires otherwise, no error in admitting or excluding evidence - or any other error by the court or a party – is ground for granting a new trial. . . . At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61. As set forth above, this Court does not believe it was error in admitting the limited evidence or was any alleged error that affected plaintiff's substantial rights. Justice does not require granting plaintiff a new trial on this basis. See also E.I. DuPont de Nemours v. Berkley & Co., Inc., 620 F.2d 1247, 1257 (8th Cir. 1980) (a court should grant a new trial only if it finds that an error misled the jury or had a probable effect on its verdict).

### IV. The Jury's Verdict was not against the Substantial Weight of the Evidence and did not Result in a Miscarriage of Justice.

The Court believes there was sufficient admissible evidence from which a jury could conclude that plaintiff's contention that the sexual encounters between defendant Peate and herself was not a sexual assault. The jury was free to disbelieve plaintiff's proffered reason for not reporting any sexual assault to corrections officials. Plaintiff adduced evidence that the law enforcement and Department of Corrections investigations of plaintiff's allegations resulted not

in a sexual assault or rape charge, but only in a single charge of sexual contact with an offender for which plaintiff's consent was immaterial. There was also evidence of defendant Peate's insistence, near in time to the events, that the sexual contact was consensual. This evidence was corroborated by defendant Peate's letter to plaintiff asking her why she "lied," and whether she was jealous of his relationships with other offenders. The jury also heard evidence that plaintiff's version of the events were inconsistent with the surrounding facts, including, but not limited to, the presence of witnesses in the area who may have overheard or observed a sexual assault and plaintiff's claimed cries for help. The jury also heard plaintiff's recorded interview with investigators in which she repeatedly denied any sexual contact between herself and defendant Peate.

In conclusion, there clearly was sufficient evidence to support the jury's verdict. While there was evidence introduced that could also have supported a verdict in favor of plaintiff if the jury had been so inclined, the Court cannot conclude that the "jury reached a seriously erroneous result" as is required for this Court to order a new trial. Blake v. J.C. Penney Co., 894 F.2d 274, 281 (8th Cir. 1990). The Court is an avid believer of the jury trial as a means to resolve conflict and is extremely reluctant under any circumstances to tamper with a jury verdict. If the jury had returned a verdict in favor of plaintiff, the Court would have reached the same conclusion as here. The jury decides who they want to believe. Here, the jury apparently found the testimony in favor of defendant to be more credible and persuasive. And the evidence introduced was more than sufficient to support the jury's decision. The Court does not believe the jury's verdict was against the substantial weight of the evidence and did not result a miscarriage of justice.

## V. Plaintiff's Renewed Motion for Judgment as a Matter of Law

During the trial, the Court denied plaintiff's motions for judgment as a matter of law. The Court stated its reasons at the time and further incorporates its reasoning as set forth in this Order. There is no further need to revisit those previous rulings.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion and Request for New Trial (Doc. 448) and Plaintiff's Renewed Motion for Judgment as a Matter of Law (Doc. 445) are DENIED.

Dated this 23rd day of June, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge